UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEON VALENTINO COLEMAN                                 PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 1:11CV35-LG-RHW

MIKE BYRD et al                                 DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

On January 27, 2011, Plaintiff filed a *pro se* 42 U.S.C. § 1983 prisoner civil rights complaint. On March 11, 2011, the Court granted Plaintiff's [5] Motion to Proceed *in forma pauperis*. In that [6] Order, the Court advised Plaintiff that it is his responsibility to prosecute the case and that it is his responsibility to prepare the summons to be served on each defendant pursuant to Local Rule 4(b) and Fed. R. Civ. P. 4. To date, Plaintiff has not prepared summons for issuance to the named defendants. Rule 4(m), Fed. R. Civ. P., requires that the summons and complaint be served on the defendants within 120 days of the filing of the complaint. It has been more than ten months since Plaintiff filed his complaint and nearly nine months since the Court granted *in forma pauperis* status and advised Plaintiff of his obligation to prepare a summons to effect service of process.

On October 21, 2011, the Court entered an [8] Order to Show Cause directing Plaintiff to show cause in writing why his complaint should not be dismissed for failure to comply with the Court's instructions of March 11, 2011, and for failure to timely effect service of process. The Court set a deadline of November 7, 2011, for Plaintiff to respond to the Court's order. The Court cautioned Plaintiff that a failure to respond to the show cause order in writing may result in the dismissal of his lawsuit. It has now been more than a month since the court-imposed

deadline. In fact, other than a change of address filed with the Court on May 13, 2011, Plaintiff has not submitted any pleadings to the Court since the complaint was filed on January 27, 2011. From Plaintiff's silence, the undersigned concludes that he has abandoned prosecution of the claims in his lawsuit.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 5th day of December, 2011.

                                                  s/ *Robert H. Walker*
                                                  UNITED STATES MAGISTRATE JUDGE